```
                                SOUTHERN DISTRICT OF MISSISSIPPI
                                           FILED
                                        FEB 23 2016
                                       ARTHUR JOHNSTON
                                  BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CAN DO AIR, LLC**  **PLAINTIFF**

**VERSUS**  CAUSE NO.: 1:16cv60LGRHW

**GULFPORT AVIATION PARTNERS, LLC**
**D/B/A MILLION AIR GULFPORT-BILOXI AND**
**UNITED STATES OF AMERICA**  **DEFENDANTS**

## COMPLAINT

COMES NOW THE PLAINTIFF, Can Do Air, LLC by and through undersigned counsel, and files its Complaint against Defendants Gulfport Aviation Partners, LLC d/b/a Million Air Gulfport-Biloxi ("Million Air") and United States of America ("USA") for negligence and other causes of action, and in support thereof would show the Court as follows:

### PARTIES

1. Plaintiff Can Do Air, LLC is a limited liability corporation incorporated in the State of South Carolina with its principal place of business located at 4210 Columbia Road, Suite 14, Martinez, Georgia 30905.

2. Defendant Gulfport Aviation Partners, LLC d/b/a Million Air Gulfport –Biloxi ("Million Air") is a domestic limited liability corporation incorporated in the State of Mississippi which committed a tort in the State of Mississippi and with its principal place of business located at the Gulfport–Biloxi Airport, 1100 Hangar Street, Gulfport, Mississippi. It may be served with process Capitol Corporate Services, Inc. located at 248 East Capitol Street, Suite 840, Jackson, Mississippi 39201.

3. Defendant United States of America ("USA") is the governmental body responsible for the acts, omissions and other legal fault of the U.S. Department of Defense, U.S. Army, and/or U.S.

National Guard. Service of process may be made on Defendant by serving Gregory K. Davis, U.S. Attorney for the Southern District of Mississippi located at U.S. Attorney's Office, 1575 20th Avenue, 2nd Floor, Gulfport, Mississippi 39501 and Loretta E. Lynch, U.S. Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530. Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, USA is a proper defendant in this action. Plaintiff, pursuant to the requirements of FTCA, filed its Form 95, Claim for Damage, Injury or Death, and provided said Form 95 to USA (Department of Army) or or about April 24, 2015. Plaintiff's claim(s) were denied in writing on or about November 4, 2015. Thus, Plaintiff has met the prerequisite for filing suit for damages against USA under the FTCA.

## JURISDICTION AND VENUE

4. Personal Jurisdiction exists over Defendants because Defendants transact business in Mississippi, caused tortious injury in the course of doing business in the State of Mississippi, and are located in the State of Mississippi.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1346(b) and 2671 et seq., because this case involves claims against USA for money damage as a result of damage to property and actual and consequential damages caused by the negligent or wrongful act of an employee of the Government while acting within the scope of his office or employment.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omission giving rise to Plaintiff's claims occurred in the Southern District of Mississippi, Southern Division, specifically Gulfport, Mississippi.

## FACTS

7. Prior to and including April 25, 2014, Plaintiff was the owner of a Beechcraft King Air B-300, wither serial number FL-31, FAA Registration N126DS (hereinafter referred to as "Aircraft"). On or about April 11, 2011, Plaintiff and Georgia Flight of De, LLC d/b/a Air Star entered into an agreement to lease the subject aircraft for Part 135A charter service. This business agreement continued and was to continue beyond April 25, 2014.

8. On April 25, 2014, Plaintiff's aircraft was on a charter and flew to Gulfport-Biloxi Airport where it landed and was released and under the custody and control of Million Air. Million Air agreed and/or reasonably implied that it would oversee and return the aircraft to Plaintiff undamaged and ready for flight. Based on information and belief, Million Air personnel moved the Aircraft from where it was originally parked to a different location under the control of Million Air and its FBO facility.

9. In the early afternoon on April 25, 2014, a U.S. Army UH-60 Blackhawk helicopter with registration number G24454 ("the Helicopter"), operated by the U.S. Army National Guard, landed at the Gulfport-Biloxi Airport, and taxied towards Million Air's FBO facility.

10. Based on knowledge and belief, the pilot of the Helicopter was undergoing annual training and was on a federal mission orders under Title 32 of the United States Code. Therefore, the pilot was an agent and/or employee of USA acting within the course and scope of his office or employment.

11. The pilots of the Helicopter were assisted in their taxi by an employee of Million Air who, as part of his employment with Million Air, provided and oversaw the direction and movement of the Helicopter.

12. During the taxi, the Million Air employee directed the Helicopter toward the edge of the tarmac, in close proximity to a light pole. Based on knowledge and belief, the Million Air

3

employee did not notice that the Helicopter's rotor blades were too close to the light pole and failed to inform the pilot of the helicopter.

13. The Helicopter pilot failed to take note of the surroundings when he moved the Helicopter onto the edge of the tarmac.

14. As a result, the spinning rotor blades of the Helicopter violently struck the light pole at the edge of the tarmac. The rotor blades destroyed the light pole and caused debris and/or metal shrapnel to impact with the parked Aircraft. The shower of debris and/or metal shrapnel from the disintegrating light pole and the Helicopter blades caused severe damage to the parked Aircraft.

15. The parked Aircraft absorbed the brunt of the debris and/or metal shrapnel on the port side. There were over seventy (70) individual shrapnel strikes with holes in the sheet metal of both the fuselage and wing on the port side of the Aircraft, including but not limited to (a) a fist sized hole through both sides of the left engine cowling, (b) sheet metal deformation to the engine cowling and stringers, (c) the propeller blades were struck with debris and sustained nicks throughout (d) the no landing gear doors were damaged, (e) the front tire had metal slivers embedded in it, (f) damage to window glass, and (g) the rubber had large holes from the impact damage. To put simply, Plaintiff's Aircraft was severely damaged to the point it was destroyed.

16. The damage was so extensive that the Aircraft could not be repaired in any reasonable time frame or at a cost that made economic sense. Plaintiff filed an insurance claim with its insurance carrier which was resolved. Part of the resolution with the insurance company was that Plaintiff retained the damaged Aircraft. Plaintiff was forced to sell the aircraft for salvage to partially be made whole; however, Plaintiff had to incur and expend monies and/or suffer damage in its effort to be made whole. The insurance claim(s) and sale of the damaged Aircraft were not completed until January 29, 2012. All of Plaintiff's efforts, expenses, and damages are related to it being

4

made whole and is not related to replacement or seeks for Plaintiff to "profit" from the subject incident.

17. Because of the damage and loss of the Aircraft, Plaintiff incurred foreseeable expenses and/or damages as a direct and/or proximate result of including but not limited to the following:

(a) Plaintiff was unable to continue its Part 135A charter service agreement with Georgia Flight of De, LLC d/b/a Air Star whereby Plaintiff would be paid $400.00 per flight hour for all chartered billable hours. From February, 2012 until the subject incident on April 24, 2015, Plaintiff had invoiced Georgia Flight of DE, LLC d/b/a Air Star $134,940.00 for chartered billable hours. Under Mississippi law, for Plaintiff to continue its business, it is entitled to recover for the cost of renting a substitute aircraft (vehicle) for a reasonable amount of time, regardless of whether a rental aircraft (vehicle) was actually procured. Thus, Plaintiff is entitled to recover the cost of renting a similar Aircraft (King Air 300) for a reasonable period of time, which, would include the time period to took Plaintiff to recoup the value of the Aircraft, or from April 24, 2014, until January 29, 2015. If a substitute aircraft (vehicle) was not available, Plaintiff is entitled to lost profits for above period of time.

(b) As a result of the subject incident, the Aircraft could not be viably repaired. The only option to make Plaintiff whole was to sale the Aircraft as salvage. To accomplish the sale of the Aircraft, Plaintiff entered into an agreement with a broker, Chris Peterson, to assist in the sale of the Aircraft in its damaged condition. When the Aircraft was sold, Plaintiff paid $25,000.00 to the broker. As a direct and/or proximate result of the subject incident, Plaintiff suffered a loss and/or consequential damage of $25,000.00.

(c) As a result of the subject incident and to make Plaintiff whole, the Aircraft had to be secured, preserved, and stored at Million Air. Plaintiff was required to pay rent to Million Air for hangar space for the Aircraft in the amount of $18,179.94. As a direct and proximate result of the subject incident, Plaintiff suffered a loss and/or consequential damage of $18,179.94.

(d) After the subject incident and to make Plaintiff whole, the Aircraft had to be preserved and certain repairs made to allow for sale. Plaintiff was required to pay Georgia Flight of De, LLC a/b/a Air Star for preservation, de-preservation, and needed repairs to the Aircraft in the amount of $24,895.00. As a direct result of the subject incident, Plaintiff suffered a loss and/or consequential damage of $24,895.00.

(e) After the subject incident and to make Plaintiff whole, Plaintiff was forced to hire PS Aviation as a consultant regarding the damage Aircraft. PS Aviation provided expert consultation and assisted Plaintiff regarding the evaluation of the damaged condition and market value of the Aircraft in addition to other needed expert services. Plaintiff was required to pay PS Aviation $37,880.53. As a direct and/or proximate result of the subject incident, Plaintiff suffered a loss and/or consequential damage of $37,880.53.

(f) As a result of the of the subject incident and to make Plaintiff whole, Plaintiff was forced to hire legal counsel with knowledge in aviation issues to assist Plaintiff with the multitude of legal issues that arose as a result of the subject incident. Plaintiff was required to pay $25,037.10 for legal services. As a direct and/or proximate result of the subject incident, Plaintiff suffered a loss and/or consequential damage of $25,037.10.

(g) As a result of the subject incident, Plaintiff's member, Dr. John W. Richards, was required to use his personal and business time, travel, and expenses, to facilitate, control, and

6

oversee all necessary activities which arose as a direct and/or proximate result of the subject incident. Dr. Richards is a medical doctor and acts as a consultant to medical / surgery clinic(s). Dr. Richards contract rate is $650.00 per hour. The total amount of time which Dr. Richards devoted to make Plaintiff whole, as a direct and/or proximate result of the subject incident was, at least, 174.85 hours. Dr. Richards has invoiced Plaintiff a total of $124,917.66 for his time devoted to Plaintiff as a result of the subject incident. As a direct and/or proximate result of the subject incident, Plaintiff has suffered a loss and/or consequential damage of $124,917.66.

(h) As a result of the subject incident, and to make Plaintiff whole, Plaintiff is entitled to its insurance deductible which it paid and was deducted from its claim by its insurance carrier. The insurance deductible was $20,810.00. As a direct and/or proximate result of the subject incident, Plaintiff has suffered a loss and/or consequential damage of $20,810.00.

## NEGLGIENCE (MILLION AIR)

18. Plaintiff incorporates by reference all of the allegations contained in paragraphs above as if fully set forth herein.

19. Million Air was entrusted with Plaintiff's aircraft and owed a duty of care to Plaintiff while its Aircraft was in its possession, custody, and control. Million Air is responsible for the negligent acts and/or omission of its agents, representatives, and employees in the performance of their duties..

20. Million Air had a duty to take reasonable steps to return the Aircraft to Plaintiff undamaged and ready for flight.

21. Million Air also owed a duty to Plaintiff to marshal and/or direct the Helicopter with reasonable care, so that the Helicopter did not strike the aforementioned metal light pole which caused Plaintiff's Aircraft to be severely damaged.

22. Million Air had a duty to the Plaintiff all persons in which it provided a service to properly train and supervise its employees in the performance of their job requirements, including the duty to properly train and supervise its ground crew in assisting private and military aircraft in navigating in and around its facilities and in and around the subject tarmac.

23. Million Air breached its duty of care to Plaintiff by (1) negligently failed to take reasonable steps to return the Aircraft undamaged and ready for flight; (2) negligently failed to reasonably marshal and/or direct the Helicopter in such a manner that the Helicopter struck a metal light pole, firing debris and/or shrapnel into Plaintiff's aircraft; (3) negligently failed to properly train and supervise its employee and/or its ground crew; and (4) negligently moved the Aircraft to a location close to the subject light pole and placing it in danger and in harm's way.

24. Millions Air breached its duties to the Plaintiff, such breach(s) caused and/or substantially contributed to cause severe damage to Plaintiff's Aircraft.

25. The damage was so extensive that the Aircraft could not be repaired in any reasonable time frame or at a cost that made economic sense. As direct and proximate result of Million Air's negligence, Plaintiff suffered damages as set forth herein.

## NEGLGIENCE (USA)

26. Plaintiff incorporates by reference all the facts and allegations contained in paragraphs above as if fully set forth herein.

27. USA is the governmental body responsible for the acts, omissions, and other legal fault of the U.S. Army and its employees. USA had a duty to operate the Helicopter with reasonable care to avoid injury to other's property, including but not limited to the Plaintiff.

28. USA breached its duty of care to Plaintiff by negligently operating the Helicopter in such a reckless and careless manner such that it caused the Helicopter to strike a metal light pole, firing debris and/or shrapnel into Plaintiff's Aircraft causing severe damage to Plaintiff's property. Such breach and negligent acts include but are not limited to (a) allowing the rotor blades to extend eight (8) to ten (10) feet past the edge of the ramp / tarmac; (b) traveling farther down the ramp than directed; (c) generally failing to follow proper procedures and/or guidelines; (d) failing to keep a proper lookout; (e) failing to locate the wingtip clearance lineman and/or failing to appreciate current location and surroundings; and (f) other acts and/or omissions to be shown at trial.

29. USA breach(s) of its duty of care proximately caused and/or substantially contributed to cause severe damage to Plaintiff's Aircraft.

30. The damage was so extensive that the Aircraft could not be repaired in any reasonable time frame or at a cost that made economic sense. As direct and proximate result of USA's negligence, Plaintiff suffered damages as set forth herein.

## DAMAGES

31. Plaintiff incorporates by reference all the facts and allegations contained in paragraphs above as if fully incorporated herein.

32. As a direct and proximate result of Million Air and USA negligent acts and/or omissions set forth herein above and those to be shown at the trial of this matter, Plaintiff, Can Do Air, LLC suffered the following actual and consequential damages. Such damages were foreseeable by

Defendants. Plaintiff demands damages, past and future, from Defendants in an amount to make Plaintiff whole, and such damages are as follows:

a. Actual Damages;

b. Consequential Damages in excess of $276,720.23

c. Attorney's fees and litigation costs;

d. Pre-judgment interest in the amount allowed by law;

e. Post-judgment interest in the amount allowed by law;

f. Any and all actual and/or consequential damages suffered by the Plaintiff as a direct and/or proximate result of Defendants, and each of their, negligence; and

g. Any and all specific and general relief to which the Plaintiff is entitled.

WHEREFORE PREMISES CONSIDERED, Plaintiff, Can Do Air, LLC prays for and demands judgment from and against Defendants, jointly and severally, for all actual and consequential damages suffered by Plaintiff as a direct and proximate result of the negligence of Defendants, and each of them, in an amount to fully compensate for all damages and to make Plaintiff whole, together with attorney's fees; pre judgment interest; post judgment interest; all costs of court; and any and all additional relief in favor of the Plaintiff deemed appropriate by this Honorable Court.

Respectfully submitted, this the 22nd day of February, 2015.

CAN DO AIR, LLC

BY: _____
CORBAN GUNN, (MSB #101752)

Corban Gunn, (MSB #101752)
CORBAN GUNN, PLLC
P.O. Box 1466
Biloxi, Mississippi 39533
Telephone: (228) 284-6805
Facsimile:  (228) 284-6806
corban@corbangunn.com